# EXHIBIT A

1
2
3
4
5
6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

7

8  FIRST AVE MANOR, LLC d/b/a ASTON
   MANOR,                                    NO.
9
                  Plaintiff,                COMPLAINT
10
        v.
11
   AROCHI & LINDNER SC, ROBERTO
12 AROCHI-ESCALANTE; TERESA LIST
   REYES; HEDWIG HEIDI LINDNER;
13 JORGE MIER Y CONCHA; MARIA
   TERESA ELJURE; RICARDO
14 SANGUINO; ARTURO REYES; JOHN
   DOE RAMIREZ; JOHN DOES 1-10.
15
16                Defendants.

17        Plaintiff First Ave Manor, LLC d/b/a Aston Manor ("Aston Manor") alleges as follows:

18                                    I.  PARTIES

19        1.1     Plaintiff Aston Manor is a validly organized Washington limited liability

20 company. Aston Manor has paid all required fees and is entitled to bring this action.

21

22

23 COMPLAINT – 1
                                              NOLD ♦ MUCHINSKY PLLC
24                                          10500 NE 8th Street, Suite 930
                                               Bellevue, WA  98004
                                                Tel (425) 289-5555
25                                              Fax (425) 289-6666

1.2     Defendant Arochi & Lindner SC ("Arochi & Lindner") is a law firm headquartered in Mexico City, Mexico.

1.3     Defendant Roberto Arochi-Escalante ("Arochi") is a partner of Defendant Arochi & Lindner that, upon information and belief, resides in Mexico City, Mexico.

1.4     Defendant Teresa List Reyes is an employee of Arochi & Lindner SC that, upon information and belief, resides in Mexico City, Mexico.

1.5     Defendant Hedwig Heidi Lindner is a partner of Defendant Arochi & Lindner that, upon information and belief, resides in Mexico City, Mexico.

1.6     Defendant Jorge Mier y Concha is a partner of Defendant Arochi & Lindner that, upon information and belief, resides in Mexico City, Mexico.

1.7     Defendant Maria Teresa Eljure is a partner of Defendant Arochi & Lindner that, upon information and belief, resides in Mexico City, Mexico.

1.8     Defendant Ricardo Sanguino is a partner of Defendant Arochi & Lindner that, upon information and belief, resides in Mexico City, Mexico.

1.9     Defendant Arturo Reyes is, upon information and belief, an employee of Defendant Arochi & Lindner that resides in Mexico City, Mexico.

1.10    Defendant John Doe Ramirez is, upon information and belief, an employee of Defendant Arochi & Lindner that resides in Mexico City, Mexico.

COMPLAINT – 2

1.11     Defendants John Does 1-10 are other individuals employed by Arochi & Lindner that may be liable to Plaintiff.

## II.     VENUE AND JURISDICTION

2.1     Subject matter jurisdiction is proper in this court because this is an action for legal and equitable relief conferred upon this court pursuant to, among other authority, Washington's Constitution, Article IV, Section 6.

2.2     Personal jurisdiction exists over the Defendants pursuant to RCW 4.28.185(1)(a)-(c) and would not offend the traditional notions of fair play and substantial justice, as they have purposefully availed themselves of the State of Washington by transacting business within the state, committing tortious acts within the state, and contracting to use property situated in the state.

2.3     Venue is proper in King County pursuant to, among other authority, RCW 4.12.020 and 4.12.025, as the cause of action arose in this county, Defendants' torts were committed in this county, Defendants transact business in this county, and Defendants presented a fraudulent payment in this county.

## III.     FACTS

**The Parties.**

3.1     Plaintiff Aston Manor is one of Seattle's premiere nightclub and event venues, offering premium spirits, dancing, state of the art sound and lighting, music, and a VIP

COMPLAINT – 3

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

experience.  Aston Manor's event staff is comprised of Matt Mead, Abel Padilla, and Shawn Olyaie.

3.2     Defendant Arochi & Lindner is a law firm with 43 attorneys on staff and more than 20 years of experience providing advice and representation in Intellectual Property, Life Sciences, Advertising and Marketing, Civil and Commercial Dispute Resolution, Corporate, Regulatory, and Data Privacy Law matters.  Arochi & Lindner have offices in Mexico City, Mexico and Madrid and Barcelona, Spain.

3.3     Attorneys for Arochi & Lindner routinely address legal matters in the United States, including appearing before the Trademark Trial and Appeal Board.

3.4     Defendants Roberto Arochi, Hedwig Heidi Lindner, Jorge Mier y Concha, Maria Teresa Eljure, and Ricardo Sanguino are the only partners of Arochi & Lindner.

3.5     Defendant Teresa List Reyes is a marketing executive for Arochi & Lindner and was the primary point of contact for persons at Aston Manor.

3.6     Defendant Ramirez works in the accounting department at Arochi & Lindner.

**Arochi & Lindner Solicit Aston Manor to Host INTA 2018 After-Party**

3.7     Each year, Arochi & Lindner's attorneys attend the International Trademark Association ("INTA")'s annual meeting.

3.8     INTA's annual meeting is marketed as the world's largest and most widely attended trademark event, with over 10,000 attendees from over 150 countries meeting for

COMPLAINT – 4

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA  98004
Tel (425) 289-5555
Fax (425) 289-6666

networking and education purposes in a multi-day event.  Attendees are a mix of brand owners, in-house counsel, outside counsel, government officials, academics, and other intellectual property professionals.

3.9     For the past two years, Arochi & Lindner has hosted extravagant parties for INTA attendees in Barcelona, Spain and Orlando, Florida.

3.10    INTA's 2018 annual meeting, its 140th such conference, was scheduled to occur in Seattle, Washington.

3.11    Arochi & Lindner's attorneys featured prominently at the INTA 2018 annual meeting.  Defendant Eljure was a speaker discussing intellectual property in South and Central America at a panel on May 19, 2018.

3.12    Arochi & Lindner were determined to throw their best, largest, and most extravagant party to date for the INTA 2018 annual meeting.

3.13    Arochi & Lindner contacted Aston Manor in the summer of 2017, full nine months before the actual event, to host this party and represented that they were a reputable law firm in good financial standing with the ability to pay for such an event.

3.14    In July 2017, Arochi & Lindner's marketing professional, Defendant Teresa Reyes ("Ms. List"), negotiated terms with Aston Manor's personnel and the scope of the event.

3.15    On July 20, 2017, Ms. List set up a time to visit Seattle and meet with Aston Manor personnel on July 28, 2017 at 6:00 p.m. to "check your facilities, talk about the cocktail

COMPLAINT – 5

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA  98004
Tel (425) 289-5555
Fax (425) 289-6666

party proposal and catering, and any details that are required to verify the date and time for the event for Sunday May 20th, 2018."

3.16    Ms. List did visit Aston Manor on July 28, discussed the event's requirements in detail with Aston Manor personnel, and approved of the venue.

3.17    On August 1, 2017, Aston Manor's Abel Padilla sent an estimate of expenses based on food for 1,000 people with an alcoholic drink per person. Mr. Padilla quoted a minimum of $56,800 for the event. The stated purpose of the estimate was to agree on the *minimum* and for deposit purposes and items could be adjusted to add food and drink as needed.

3.18    That same day, Ms. List stated that she required a signed agreement to submit the first deposit and increased the size of the event from 1,000 to 1,500 people.

3.19    On August 2, 2017, Ms. List sent a draft agreement that did not include the final contract price as the scope of the party remained in flux. She stated that "We will sign a future contract, however we can use this document as your agreement with us in order to receive a first payment."

3.20    The next day, on August 3, 2017, she requested Aston Manor's account details so she could wire the funds for the first deposit. She did wire the funds that same day.

3.21    On October 11, 2017, Aston Manor sent an invoice to Arochi & Lindner for a second deposit. This invoice was based on 1,500 attendees. The cost of drinks was quoted at $10,000, the cost of food at $46,800, and the cost of equipment rental at $3,000.

COMPLAINT – 6

3.22     This invoice also confirmed that Arochi & Lindner had paid the first deposit of $14,199 and that a second payment of $14,950 would be due on November 6, 2017.

3.23     While the event was initially to host 1,000 people, and then 1,500, at Arochi & Lindner's request, the scope of the party was again drastically increased to 2,000 people.

**Arochi & Lindner Enters Into Contract With Aston Manor With No Intention to Pay.**

3.24     On August 2, 2017, Aston Manor entered into a written contract with Arochi & Lindner to host an event for 2,000 people on Sunday, May 20, 2018.

3.25     This contract was signed by Defendant Roberto Arochi-Escalante ("Arochi"). Mr. Arochi entered into this agreement with no intention of fulfilling its terms or paying for the services and products rendered by Aston Manor.

3.26     Arochi & Lindner also communicated an extensive set of amendments on or about May 9, 2018, such as a billboard for Arochi & Lindner's party, 3,000 tequila shots, 1,920 wine glasses, 113 cases of Heineken, 113 cases of Corona, a 140' tent for the backyard area, four bars in the backyard area, lights and sound for the backyard area, and restrooms for same.

3.27     Several food and drinks items were upgraded at Arochi & Lindner's request to reflect a more premium image. Defendants requested these changes with the knowledge that they would never pay for them.

3.28     These additions required significant expense and effort on the part of Aston Manor. Aston Manor accommodated every single requested amendment.

COMPLAINT – 7

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

3.29    The erection of the requested tent, carpeting, and fencing required tens of thousands of dollars' worth of equipment and furniture rentals to ensure that the backyard area (interior of tent) acted as an extension of Aston Manor.

3.30    This endeavor also required permitting and approvals from the City of Seattle, Seattle Fire Department, Seattle Police Department, Washington's Liquor Board, and the hiring of extra security, wait staff, and other personnel.

3.31    Arochi & Lindner also communicated to Aston Manor that the event would be sponsored in part by "Jose Cuervo", the best-selling tequila brand in the world, and a client of Arochi & Lindner.  Arochi & Lindner demanded that all flyers, drinks, and various other items must include the "Jose Cuervo" logo.

3.32    In light of the extensive amendments, Aston Manor communicated to Arochi & Lindner that the total cost of the event would be $126,920.

3.33    Arochi raised no objection or issue and accepted the cost.

**Party at Aston Manor Exceeds All Expectations.**

3.34    On the night of the party, May 20, 2018, over 2,000 guests had access to an open bar with liquors and over a dozen varieties of premium food items.  Upon information and belief, no less than 6,000 alcoholic drinks were consumed.

3.35    After the event Defendant Arochi himself thanked and complimented Aston Manor's staff on a job well done. He specifically stated that the party was "Amazing" and "best

COMPLAINT – 8

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA  98004
Tel (425) 289-5555
Fax (425) 289-6666

one yet". He went on to add that he appreciated how dedicated we were to making the event private, as they had a lot of trouble in Barcelona with random people joining their party.

3.36    Arochi & Lindner boasted about the party on their social media and firm website, posting hundreds of pictures of their guests enjoying the party hosted by Aston Manor.

3.37    At no point did Arochi & Lindner, or any one acting on its behalf, indicate that they were dissatisfied by their experience or that the remaining $97,001 payment would not be forthcoming.

**Arochi & Lindner's Fraud.**

3.38    When no payment was received weeks after the event, on June 1, 2018, Mr. Padilla of Aston Manor contacted Ms. List of Arochi & Lindner to secure confirmation of the wire transfer for the remaining balance. Ms. List represented that she would check with the finance department and get back to him.

3.39    On June 7, Ms. List represented that she had checked with the accounting department, but that the department had no way of confirming the wire in their system. She stated that the accounting department had guaranteed that the wire would arrive by Monday at the latest.

3.40    On June 8, 2018, Mr. Mead wrote to Ms. List to inquire why no payment had reached Aston Manor five business days after its purported payment:

COMPLAINT – 9

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

Thank you again for your business. We are now a few weeks removed from your event and as such we as a company are at a loss with all the equipment, rentals, beverage purchases, etc. that we incurred hosting the event. We simply cannot wait any longer for the payment.

I know Abel has been in touch with you but we need a precise answer as to when payment will arrive or an alternative method of payment in the form of cashier's check overnighted to us. Can you please get back to me with an answer, wire transfer initiation receipt or a better contact to resolve this issue so we can begin arrangements as we can't afford to wait any longer on this?

We spoke with our bank and we have no record of pending transfer so we need to act quickly. Thank you in advance for your immediate attention in this matter! We look forward to resolving this and working again in the future. Thanks!

3.41    Ms. List responded that same day:

Thank you for your e-mail. We will make a wire transfer on next week. I was asking for this account closure before leaving Seattle, I even went to the club during the 21st and talked about it. So please be sure you will receive a wire transfer from us.

3.42    This email promising a future wire transfer was materially false and inconsistent with Ms. List's prior representations of a transfer 5 days prior.

3.43    On June 9, Ms. List emailed Mr. Mead stating that a wire confirmation is available but inaccessible to her and that she was pressuring her administrative staff to get the payment information.

3.44    On June 11, Mr. Mead again emailed Ms. List to inform her that "No money landed in our account today as you stated it would and we have not heard from you regarding this issue."

COMPLAINT – 10

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

3.45    Ms. List forwarded a document which she said was an internal wire transfer confirmation from Arochi & Lindner's accounting department that $125,996 dollars had been transferred to Plaintiff. This was an outright lie.

3.46    Ms. List stated that she was waiting for a deposit slip (which was never provided).

3.47    Ms. List knew that this wire transfer confirmation was a forgery and that her representations that it documented a transfer of money were false.

3.48    Ms. List ignored Mr. Mead's subsequent attempts to contact her. She responded to Mr. Padilla and complained for the first time that the delay in payment is due to Defendants receiving the invoice late.

3.49    Ms. List was provided a copy of the invoice two weeks prior. More importantly, her prior representations that she had already attempted to wire the funds due on two separate occasions was inconsistent with her representation that the invoice had not reached her.

3.50    On June 13, Mr. Mead and Mr. Padilla attempted to reach Ms. List to secure a wire confirmation. They were informed that either that she was out to lunch, that her dad passed away, or that she was otherwise unavailable.

3.51    That same day, Ms. List forwarded another fake document; an "Intercam Banco" wire confirmation of a transfer initiated by Arochi & Linder S. C. to Plaintiff in the amount of $125,996 on June 11, 2018. This was also an outright lie.

COMPLAINT – 11

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA  98004
Tel (425) 289-5555
Fax (425) 289-6666

3.52    Ms. List knew that this wire confirmation was a forgery and she sent it to deceive Plaintiff and provide it materially misleading information.

3.53    Mr. Mead requested the SWIFT code to verify the wire transfer. Ms. List provided a cropped close-up image of what she purported to be the SWIFT code and assured Mr. Mead that Arochi & Lindner's accounting department advised her that the payment would arrive by Monday, June 18.

**Arochi & Lindner's Personnel Conceal and Advance Fraudulent Scheme.**

3.54    On June 18, 2018, Mr. Mead sent an email to Ms. List and Mr. Arochi explaining that Ms. List has provided two wire transfers that cannot be confirmed and that no payment has been received. Mr. Arochi at this point knew or should have known that Ms. List had provided false statements and documents to Plaintiff.

3.55    Mr. Arochi's assistant, Diana Dominguez, directed Ms. List to contact Plaintiff. Ms. List, copying Mr. Arochi, requested that Plaintiff refer communications related to this matter to her.

3.56    Mr. Mead conferenced with Ms. List and a Mr. Ramirez from Arochi & Lindner's accounting department. Mr. Ramirez discussed difficulties in wiring the money and instead proposed mailing a cashier's check that week.

COMPLAINT – 12

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

3.57    Mr. Ramirez knew or should have known that no wire transfers were attempted and that the evidence thereof is utterly false. Instead of exposing the fraudulent scheme, Mr. Ramirez concealed it.

3.58    Ms. List purported to mail a cashier's check for the remaining balance and sent a tracking number for a UPS parcel to Mr. Mead, which indicated that a shipping label was created on June 19 and that a package was shipped on June 21.

3.59    On June 24, the package purportedly containing a cashier's check for the remaining payment was returned to the sender. Mr. Mead and Padilla's attempts to contact Ms. List to determine what was going on were ignored that day. UPS informed Mr. Mead that the package could only have been recalled by the sender.

3.60    Ms. List called Mr. Mead on June 25 and assured him that her office did not recall the shipment, that she would try mailing the cashiers' check again, and asked for a credit card authorization form that she could execute as a backup if there were any additional issues.

3.61    On June 25, 2018, Mr. Mead sent a credit card authorization form to Ms. List.

3.62    Ms. List assured Mr. Mead that she had attempted for a second time to send a cashiers' check with the payment via UPS and that it was scheduled to be delivered on June 26, 2018.

COMPLAINT – 13

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

3.63    On June 27, 2018, when the package did not arrive and tracking information indicated that it had not even been mailed, Mr. Mead attempted to contact Ms. List again and received no response to his calls or emails.

3.64    In his email, Mr. Mead requested that Ms. List execute the Credit Card Authorization Form as agreed. Ms. List ignored this request.

3.65    On June 28, Aston Manor's personnel again emailed Mr. Arochi to ask him to address this debt.

3.66    On July 2, Aston Manor's Mr. Padilla traveled to Mexico City, Mexico to speak to Mr. Arochi and Arochi & Lindner's accounting department. His attempts to contact Ms. List received no response. Upon arriving at Arochi & Lindner's offices, Mr. Padilla was told that Ms. List was not available. Mr. Padilla asked to speak to Ms. Dominguez, Mr. Arochi's assistant, or Mr. Arochi himself. Ms. Dominguez addressed Mr. Padilla briefly to say that she knew nothing of the event even though she had corresponded with Aston Manor's personnel. Mr. Padilla was asked to visit the next day and meet with Ms. List.

3.67    The next day, when Mr. Padilla arrived, he was again informed that Ms. List was not present. Ms. Dominguez greeted Mr. Padilla in the lobby and again attempted to turn him away. Mr. Arochi walked by, recognized Mr. Padilla, and asked what was going on. Mr. Padilla stated that he was in Mexico City to collect payment. Mr. Arochi asked his assistant why this

COMPLAINT – 14

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA  98004
Tel (425) 289-5555
Fax (425) 289-6666

had not been taken care of and Ms. Dominguez shrugged her shoulders without explanation. Mr. Arochi directed Mr. Padilla to speak to Defendant Arturo Reyes.

3.68    Mr. Reyes stated that he was out of the loop but promised that he would get Mr. Padilla payment by the end of the day and that he could even do so with an American Express credit card if needed. Mr. Padilla provided him a credit card authorization form.

3.69    Mr. Reyes asked to see Aston Manor's invoice and the wire transfer to "track down where the money had gone." Mr. Reyes then left Mr. Padilla in a conference room while he investigated.

3.70    Mr. Reyes eventually returned and stated that the documents their employee had provided to Aston Manor were false. He said that he would deal with that but would still need to track down the money before providing a credit card authorization. He requested that Mr. Padilla return the next day so that they can conduct an internal investigation.

3.71    Mr. Padilla arrived for his scheduled meeting. Mr. Reyes greeted him in the waiting area and said that he needed more time and would have an answer and a credit card number for payment within a couple of hours. It was represented to Mr. Padilla that Ms. List's file cabinet had been crowbarred open that day. After waiting for several hours that day, Mr. Padilla received an email from Arochi & Lindner's partner, Mr. Jorge Mier y Concha that he would be taking over the matter.

COMPLAINT – 15

3.72    On July 5, 2018, Defendant Concha confirmed his phone call of the previous day

via an email in which he stated:

> Thank you very much for contacting us yesterday. As commented in our telephone conversation, Teresa List who was in charge of the event suffered a serious accident and is on sick leave. We are reviewing all of the correspondence exchanged and our accounting records and will get back to you in the next days. As I stressed yesterday, we will honor our obligations as soon as possible, but due to Teresa's absence, we need a bit more time to analyze the situation. Please note that we are carefully reviewing the document you provided and we are investigating its origin, as internally we do not have any records of having issued it.

> We thank you for your patience and please be certain that any amount owed will be covered.

3.73    After several days of assurances, no information, and still no payment, Mr. Padilla

unsuccessfully returned to Seattle.

3.74    On July 11, Aston Manor's Mr. Mead had an extended conversation with

Defendant Reyes. Mr. Reyes stated the firm "definitely wants to and will pay you, we just need

more time" as Ms. List has been on leave for her injury and the firm has been attempting to

review her emails and documents regarding the event.

3.75    Upon further investigation around this time, Plaintiff discovered that the wire

transfer confirmation sent by Ms. List and inspected by Arochi & Lindner's accounting

department, with full knowledge of Mr. Arochi and the other partners, was a forgery; it was

plainly a doctored version of a wire transfer initiated months prior.

COMPLAINT – 16

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

**When Fraud Is Exposed, Arochi Categorically Refuses to Pay.**

3.76    On July 17, 2018, Aston Manor's Shawn Olyaie attempted to resolve the matter with Mr. Arochi. He emailed Defendants Arochi, Dominguez, Reyes, Sanguino, Concha, and Lindner and stated:

> You team came to my venue and threw a company party. Your team signed a contract and approved the invoices you racked up due to all your demands. Your team has only paid 30k of a 126k bill that's increasing every day. Your team has sent us FRAUDULENT wire transfers (I'm sure as lawyers you know that wire fraud is ILLEGAL). Your team has sent us FRAUDULENT mail confirmations (I'm sure as lawyers you know that mail fraud is ILLEGAL). We flew our manager from Seattle to Mexico City over broken promises of being paid, only to be lied top [*sic*] once again. We are now over 8 weeks and have voer a dozen emails of being promised for payment and all have been turned to lies. We have emailed and called you all week with ZERO response.

3.77    As a result of this email, Mr. Olyaie had a phone conversation with Mr. Arochi that same day. In response to Mr. Olyaie's demand for payment, Mr. Arochi for the first time stated that no money was owed to Aston Manor and that Defendants "will not pay a fucking dime."

3.78    When asked about the obvious fraud conducted by him, Ms. List, and others at Arochi & Lincher, he stated "send her to jail, I don't care" and "I will be in work tomorrow, send me to jail". He also suggested that Aston Manor "should make sure to sue INTA, since it was their event."

COMPLAINT – 17

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

3.79 It is thus clear that Defendants had no intention of ever paying Aston Manor for the full balance due and perpetrated a fraud.

3.80 As a result of Defendants' actions, Aston Manor has been damaged in an amount to be proven at trial or summary adjudication.

## IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

4.1 Plaintiff re-alleges the foregoing allegations and incorporates them as though fully set forth herein.

4.2 The above actions constitute a breach of Defendants' obligations under a written contract to provide goods and services totaling $126,950.

4.3 Defendants breached its written contracts by failing to pay for the goods and services Aston Manor provided.

4.4 These actions entitle Plaintiff to a judgment for any damages suffered due to Defendants' breach, as well as to injunctive or equitable relief as is deemed just and equitable.

## V. SECOND CAUSE OF ACTION: FRAUD/INTENTIONAL MISREPRESENTATION

5.1 Plaintiff re-alleges the foregoing allegations and incorporates them as though fully set forth herein.

5.2 Defendants fraudulently induced Plaintiff to undertake actions, including providing products and services and waiting to collect the payment due to it.

COMPLAINT – 18

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

5.3     Defendants intentionally, with knowledge of falsity and intent to defraud, prepared false wire confirmations to further its fraudulent scheme.

5.4     Plaintiff did not know that Defendants' representations were false.

5.5     Plaintiff relied upon Defendants' false representations when entering into an agreement, in continuing to provide services and products, and in forbearing from aggressive collection efforts.

5.6     Plaintiff's reliance upon Defendants' false representations was reasonable.

5.7     Plaintiff would not have entered into a contract or provided goods and services but for Defendants' fraudulent misrepresentations.

5.8     Plaintiff incurred substantial damages directly and proximately caused by Defendants in an amount to be proven at trial.

## VI.     THIRD CAUSE OF ACTION: MAIL/WIRE FRAUD & CIVIL RICO

6.1     Plaintiff re-alleges the foregoing allegations and incorporates them as though fully set forth herein.

6.2     Defendants voluntarily and intentionally devised or participated in a pattern or scheme to defraud Plaintiff out of money.

6.3     Defendants did so with the intent to defraud.

6.4     It was reasonably foreseeable that interstate wire communications and mail would be used in furtherance, advancement, or concealment of the scheme or pattern.

COMPLAINT – 19

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA  98004
Tel (425) 289-5555
Fax (425) 289-6666

6.5     Such interstate wire communications and mail were in fact used.

6.6     Defendants acts of mail and wire fraud are predicates to a violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and RCW 9A.82 et seq.

6.7     These predicate acts constitute a pattern of racketeering and criminal profiteering.

6.8     Defendants committed or intended to commit a RICO violation and engage in a pattern of criminal profiteering.

6.9     Defendants are all associated in fact and operate an enterprise.

6.10    There is a reasonable likelihood that Defendants will commit a violation in the future.

6.11    Plaintiff has experienced injury to its business and property in an amount to be determined at trial.

6.12    Plaintiff is entitled to equitable relief, a trebling of its damages, statutory civil penalty, and attorney fees as provided by law.

**VII.    FOURTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION**

7.1     Plaintiff re-alleges the foregoing allegations and incorporates them as though fully set forth herein.

7.2     In the course of dealing and contracting with Aston Manor, Defendants supplied Plaintiff material information and representations of fact.

COMPLAINT – 20

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA 98004
Tel (425) 289-5555
Fax (425) 289-6666

1    7.3    This information was false and Defendants knew or should have known it was

2    false.

3    7.4    Defendants were negligent in communicating or permitting the communication of

4    false information to Aston Manor.

5    7.5    Plaintiff justifiably relied on the false information and this reliance was

6    reasonable.

7

8    7.6    As a result of Defendants' negligent misrepresentations, Plaintiff has been

9    damaged in an amount to be determined at trial.

10    **VIII.    FIFTH CAUSE OF ACTION: PERSONAL LIABILITY**

11    8.1    Plaintiff re-alleges the foregoing allegations and incorporates them as though fully

12    set forth herein.

13    8.2    Defendants are personally liable for the fraudulent acts in which they participate,

14    even if such acts were committed solely on behalf of Arochi & Lindner and not in any personal

15    capacity.

16

17    **IX.    SIXTH CAUSE OF ACTION: UNJUST ENRICHMENT**

18    9.1    Plaintiff re-alleges the foregoing allegations and incorporates them as though fully

19    set forth herein.

20    9.2    Plaintiff conferred a benefit on Defendants in goods and services.

21

22

23    COMPLAINT – 21                                    NOLD ♦ MUCHINSKY PLLC
                                                        10500 NE 8th Street, Suite 930
24                                                      Bellevue, WA 98004
                                                        Tel (425) 289-5555
25                                                      Fax (425) 289-6666

9.3     Defendants knew or should have known that Plaintiff expected to be compensated for the benefit conferred.

9.4     Defendants have been enriched at the expense of Plaintiff.

9.5     Defendants accepted goods and services and are under a duty to reimburse Plaintiff for the value of those goods and services received.

## X.     SEVENTH CAUSE OF ACTION: VICARIOUS LIABILITY

10.1    Plaintiff re-alleges the foregoing allegations and incorporates them as though fully set forth herein.

10.2    At all times material to this action, Arochi & Lindner employed Defendants.

10.3    Defendants were under Arochi & Lindner's direct supervision, employ, and control when they committed the negligent and fraudulent acts described herein. Defendants engaged in negligent conduct while serving the interests of their employer in the course and scope of their employment with Arochi & Lindner.

10.4    Arochi & Lindner granted Defendants authority to perform as agents and they committed the acts alleged herein with actual or apparent authority arising from their agency.

10.5    Defendant's conduct was ratified by Arochi & Lindner.

10.6    Arochi & Lindner is liable for the negligent and wrongful conduct of Defendants under the law of various liability and respondeat superior.

COMPLAINT – 22

NOLD ♦ MUCHINSKY PLLC
10500 NE 8th Street, Suite 930
Bellevue, WA  98004
Tel (425) 289-5555
Fax (425) 289-6666

1    10.7    As a direct result of the conduct described herein, Plaintiff has been damaged in

2    an amount to be proven at trial.

3                              **XI.    PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

5        A.    For judgment against Defendants in an amount to be proven at trial;

6        B.    For such equitable remedies as may be appropriate under the circumstances,

7

8    including but not limited to restitution, constructive trust, equitable lien, and equitable

9    subrogation;

10       C.    Pre- and post-judgment interest as provided by law;

11       D.    Attorneys' fees and costs pursuant to statute, agreement, or common law; and

12       E.    For such other and further legal and equitable relief as the Court may deem just

13   and proper.

14       DATED this 25th day of July, 2018.

15                                               NOLD MUCHINSKY PLLC

16

17

18                                               David A. Nold, WSBA #19009
                                                 Nafees Uddin, WSBA #46730
19                                               Attorneys for Plaintiff

20

21

22

23   COMPLAINT – 23                                      **NOLD ♦ MUCHINSKY PLLC**
                                                     10500 NE 8th Street, Suite 930
24                                                       Bellevue, WA  98004
                                                         Tel (425) 289-5555
25                                                       Fax (425) 289-6666